CLAUS SPRECKELS, Plaintiff, *vs.* GEO. W. MACFAR-
LANE, Defendant.

APPEAL FROM WHITING, JUDGE.

HEARING, JUNE 26, 1893.        DECISION, SEPTEMBER 11, 1893.

JUDD, C.J., BICKERTON, J., AND COOPER, CIRCUIT JUDGE.

(Mr. Justice Frear being disqualified, having been of counsel,
by request, Circuit Judge Cooper sat in his stead.)

M. made a promissory note to B. & Co., and, as security, assigned cer-
tain certificates of stock by endorsement in blank, and executed an
irrevocable power of attorney authorizing the transfer of the certi-
ficates to other persons;

Held, that the transaction was a pledge, and not a chattel mortgage,
and that the securities followed the debt into the hands of the
holder.

At the time of the assignment a memorandum was made upon the stub
of the stock-book of the company that the certificates had been duly
assigned by M. to B. & Co. as collateral security. Held, that the
assignment was good between the parties, and that M. could not
enquire into the validity of the subsequent assignments of the
certificates.

OPINION OF THE COURT, BY CIRCUIT JUDGE COOPER.

This is an appeal from the order of Circuit Judge Whiting
decreeing that 1190 shares of the capital stock of the
Waikapu Sugar Company, pledged by the defendant to
Bishop & Co., and now held by the plaintiff, be sold at public
auction for the purpose of paying a certain promissory note
made by the defendant to Bishop & Co. for the sum of
$123,344.07, together with interest at the rate of 8 per cent.
per annum, amounting to $31,110.10, said note being held by
the plaintiff.

It seems to us that no error in the decision or order of the Court below has been pointed out.

The certificates of stock were endorsed in blank by Macfarlane and delivered to Bishop & Co. at the time the note was given. This in itself was sufficient to pass the equitable title and the transaction became a pledge and not a chattel mortgage as contended for by the defendant.

Bishop & Co. the pledgees upon such endorsement and delivery and under their irrevocable power of attorney to transfer the shares to another person, had a power coupled with an interest, and it gave them the right to demand of the company new certificates. The certificates however still remain in the name of Macfarlane, but on the 1st of April, 1890, five days after the date of the note, the following endorsement was made upon the stub of the company's stock book. After giving the number of the certificates, "The above shares are duly assigned by G. W. Macfarlane of Honolulu to Bishop & Co. of Honolulu as collateral for moneys had and received." Signed W. M. G., secretary.

This seems to comply with Section 1433 of the Civil Code and would preclude either Macfarlane or his creditors disputing the transfer for that purpose and further than this Macfarlane is not concerned. And we do not find that the memorandum of pledge made at the time restricts the right to realize upon the securities to Bishop & Co. The shares of stock were transferred "as collateral security for the payment of the above promissory note and of all other notes and demands which the said Bishop & Co. held or may hold against me so long as they shall hold the said security."

Upon the transfer of the note to Spreckels, Bishop & Co. relinquished their right to hold the security for any other note or demand which they might have held against Macfarlane, but this does not give Macfarlane any cause of complaint so long as he is not deprived of his right to redeem his securities upon payment of his debt. "When collateral security is given or property assigned for the better protection or payment of a debt it shall be made effectual for the

purpose, and that not only to the immediate party to the security but to others who are entitled to the debt." *Stearns vs. Bates,* 116 Conn., 311.

The transfer of the note and shares from Bishop & Co. to Bishop, and from Bishop to the plaintiff, was a sale of their right in the note and to the securities, and we consider that the certificates were negotiable with the note itself and that the plaintiff was therefore the proper party to sue.

While Bishop & Co. were holding the Macfarlane note and the Waikapu shares as security therefor, Macfarlane wrote a letter to Messrs. Hartwell, Thurston and Carter, in which he expressed a desire to begin proceedings against the Hawaiian Commercial & Sugar Company for rents, profits and damages which he considered to be due to the Waikapu Sugar Company for the use of certain lands known as the Waikapu Commons, and offered as compensation a sum in cash and also a precentage of the amount which might be recovered, and also authorized them, upon the approval of Bishop & Co., to compromise the claim on which the proceedings were brought whether by sale of G. W. Macfarlane's stock or payment of money.

To this proposition it is claimed by this defendant that Bishop & Co. consented and that they were estopped from disposing of the shares pending the suit.

We do not consider it necessary to determine whether or not the letter was couched in such terms as would create an equitable estoppel or not, for upon a consideration of the evidence we fail to find that Bishop & Co. or any one for them consented to the proposal, and for that reason we do not pursue the question further.

In accordance with the forgoing opinion the appeal is dismissed, and the order and decree of the Circuit Court is confirmed.

*F. M. Hatch,* for plaintiff.

*A. S. Hartwell,* for defendant.